IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RONNIE LYNN MAPLES, #1788448 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:15cv168 |
| | § | |
| FANNIN COUNTY COURT, et al | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Ronnie Lynn Maples, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered lawsuit against the Fannin County Court at Law, Fannin County Court at Law Judge Charles Butler, Fannin County Court at Law Clerk Tammy Biggar, The County of Fannin, Texas, and defense attorney Joey Dan Fritts. The complaint was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

Plaintiff seems to assert that, on or about May 14, 2012, he agreed to serve a four-year TDCJ sentence on unrelated charges only after he had been assured that cause #45329 "was 100% disposed of on 5-14-12 with no money owed and backtime served to pay court costs." He states that, on October 23, 2014, Judge Charles Butler signed an order to withdraw funds from his inmate account, in violation of his assurances concerning cause #45329 that no money would be owed. Plaintiff is suing the various Fannin County Defendants and his defense attorney for $1,000,000.00 in damages per Defendant.

1

# DISCUSSION

The Supreme Court has held that a plaintiff who seeks to recover damages under § 1983 for actions whose unlawfulness would render a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372, 129 L. Ed.2d 383 (1994). The Supreme Court provided the following explanation:

> We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution.

*Id.* 512 U.S. at 486, 114 S. Ct. at 2372. The Supreme Court thus held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* 512 U.S. at 487, 114 S. Ct. at 2372.

In the present case, a judgment in favor of Plaintiff would necessarily imply the invalidity of his conviction; thus, his lawsuit is barred by *Heck*. Plaintiff's claims fail to state a claim upon which relief may be granted and are frivolous in that they lack any basis in law and fact. His lawsuit should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). The Fifth Circuit has held that claims barred by *Heck* should read as follows: "Plaintiff's claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). The Fifth Circuit referred to this language as the "preferred" language. *Id.*

2

The Fifth Circuit raised one additional factor in *Heck* situations for courts to consider. *See Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994). The Fifth Circuit held "that it remains appropriate for district courts to consider the possible applicability of the doctrine of absolute immunity. . . ." *Id.* at 284. To prevent a plaintiff from refiling claims against defendants with absolute immunity, such as judges and prosecutors, such claims should be dismissed with prejudice. *Id.* at 284-85. Judge Butler and the Fannin County Court at Law are immune from liability, and claims against them should be dismissed with prejudice.

The Fifth Circuit has also held that claims against defense attorneys are normally not cognizable in a § 1983 lawsuit because they are not state actors. *See Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996). Plaintiff has not shown that he may sue his attorney Joey Dan Fritts in a § 1983 lawsuit. Thus, claims against Fritts should be dismissed with prejudice.

In sum, claims against Defendants Fannin County Court at Law, Fannin County Court at Law Judge Charles Butler, and defense attorney Joey Dan Fritts should be dismissed with prejudice for all purposes pursuant to 28 U.S.C. § 1915A(b)(1).

## RECOMMENDATION

It is recommended that the complaint against Defendants Fannin County Court at Law, Fannin County Court at Law Judge Charles Butler, and defense attorney Joey Dan Fritts be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place

in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 17th day of June, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE